**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ZAINAB HAKIM et al., | ) | |
| | ) | Case No. 2:25-cv-11265 |
| Plaintiffs, | ) | |
| | ) | Hon. Stephen J. Murphy, III |
| v. | ) | Mag. Elizabeth A. Stafford |
| | ) | |
| REGENTS OF THE UNIVERSITY OF MICHIGAN et al., | ) | **PLAINTIFF ZAINAB HAKIM'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF ZAINAB HAKIM WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS AS TO ZAINAB HAKIM** |
| | ) | |
| Defendants. | ) | |

John C. Philo (P52721)
Liz Jacob (P86981)
Anthony D. Paris (P71525)
Sugar Law Center for Economic & Social Justice
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505
jphilo@sugarlaw.org
ljacob@sugarlaw.org
tparis@sugarlaw.org

Ezra Ritchin
Ritchin Law PLLC
367 St. Marks Ave, #1132
Brooklyn, NY 11238
(917) 725-0116
ezra@ritchinlaw.com

Brian M. Schwartz (P69018)
Erika L. Giroux (P81998)
D. Kyle Bierlein (P78278)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com
giroux@millercanfield.com
bierlien@millercanfield.com
***Attorneys for Defendants***

Malak Afaneh
American-Arab Anti-Discrimination Committee
910 17th St. NW, Suite 1000
Washington, DC 20006
(202) 465-4247
mafaneh@adc.org

Herbert A. Sanders (P43031)
The Sanders Law Firm, PC
4031 Santa Clara St
Detroit, MI 48221
313-962-0099
313-962-0044 (fax)
haslawpc@gmail.com
***Attorneys for Plaintiffs***

**PLAINTIFF ZAINAB HAKIM'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF ZAINAB HAKIM, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS AS TO ZAINAB HAKIM**

NOW COMES Plaintiff ZAINAB HAKIM by and through her attorneys and for her *Motion to Voluntarily Dismiss Plaintiff Zainab Hakim, Or In The Alternative, To Stay Proceedings As To Zainab Hakim* states as follows:

1. Plaintiff Zainab Hakim seeks to voluntarily dismiss her claims from this matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

2. Plaintiff Hakim, alongside her co-Plaintiffs, initiated this action on May 1, 2025. *See* ECF No. 1.

3. This lawsuit is a federal civil rights claim brought pursuant to 42 U.S.C. §1983 for violations of constitutional rights protected by the First Amendment of the

United States Constitution. The Plaintiffs were subjected to adverse employment actions – including termination and permanent blacklisting from University employment – because of their participation in off-work, on-campus speech activities and the viewpoints they expressed in support of divestment from Israel and support for Palestinian human rights. *Id.*

4. Discovery commenced in this action on June 3, 2026. ECF No. 44.

5. On June 10, 2026, Plaintiff Zainab Hakim was criminally charged by the Department of Justice. *See*, *U.S.A. v. Zainab Aliasgar Hakim et al*., Case No. 5:26-cr-20306.

6. Plaintiff Hakim is actively engaged in defending against these criminal charges.

7. The issues raised in the criminal indictment are separate and distinct from the issues in Plaintiff Hakim's civil rights claims herein.

8. The allegations in the criminal indictment, however, temporarily overlap with the period when Plaintiff Hakim was employed by the University.

9. Plaintiff Hakim's ability to fully engage in her defense of the criminal charges would be unreasonably compromised if she is required to simultaneously continue prosecuting her civil rights claims.

10. The ongoing criminal prosecution requires Plaintiff Hakim to make defending that case her priority at this time.

11. Requiring Plaintiff Hakim to participate in civil discovery, provide deposition testimony, and comply with the other requirements of this suit would unfairly cause her to potentially compromise important constitutional rights as she defends herself from the criminal charges and would unduly distract from the issues in this case.

12. Requiring Plaintiff Hakim to try to simultaneously balance litigating her constitutional and civil rights in this matter and defending her liberty and freedom in her separate criminal matter would exact an unfair burden on the Plaintiff.

13. Plaintiff Hakim does not wish to abandon the claims of her civil suit and wishes to preserve the ability to bring those claims at a later time.

14. The statutes of limitation have not run on the claims raised in this case and do not expire until April 2028.

15. Plaintiff Hakim has not previously dismissed the claims brought in this suit and the Defendants would not be prejudiced by voluntary dismissal pursuant to Fed. R. Civ. P. 41 (a)(2).

16. Therefore, Plaintiff Hakim seeks to voluntarily dismiss her claims from the present matter without prejudice.

17. Alternatively, Plaintiff seeks to stay the proceedings as to only Plaintiff Hakim.

18. Plaintiff complied with LR 7.1 (a). On October 2, 2026, Plaintiff sought concurrence in this motion from the Defendants. Defendants did not concur with the relief requested.

**BRIEF IN SUPPORT OF PLAINTIFF ZAINAB HAKIM'S MOTION TO VOLUNTARILY DISMISS PLAINTIFF ZAINAB HAKIM OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS AS TO ZAINAB HAKIM**

## I. ISSUES PRESENTED

A. IS VOLUNTARILY DISMISSAL WITHOUT PREJUDICE APPROPRIATE WHERE A PLAINTIFF HAS EXPERIENCED A SIGNIFICANT UNFORESEEN CHANGE IN CIRCUMSTANCES, A MATTER IS STILL EARLY IN DISCOVERY, AND DEFENDANTS WOULD NOT BE PREJUDICIED?

B. SHOULD PLAINTIFF ZAINAB HAKIM BE PERMITTED TO VOLUNTARILY DISMISS HER CLAIMS WITHOUT PREJUDICE?

PLAINTIFFS ANSWER: **YES**
DEFENDANTS ANSWER: _____

## II. CONTROLLING AUTHORITIES

*Booth Family Tr. v. Jeffries*, 640 F.3d 134, 141 (6th Cir. 2011).

*Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)

*Malibu Media, LLC v. [Redacted]*, 705 F. App'x. 402, 407 (6th Cir. 2017)

*Mich. Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010)

## III. STATEMENT OF FACTS

On May 1, 2025, Plaintiff Zainab Hakim and her co-Plaintiffs filed this suit in the Eastern District of Michigan after the University of Michigan undertook adverse employment actions against them based on the content and viewpoints of their speech to advocate for Palestinian human rights and call for divestment from

Israel. ECF No. 1. On August 1, 2025, Plaintiffs filed an amended Complaint. ECF No. 23. On August 29, 2025, Defendants filed a Motion to Dismiss. ECF No. 31.

On March 31, 2026, this Honorable Court issued an Order denying in part and granting in part Defendants' Motion to Dismiss. ECF No. 37.

Fact discovery commenced on or about June 3, 2026, and continues until May 3, 2027. ECF No. 44. Expert discovery ends on July 31, 2027. *Id*.

On June 11, 2026, the Department of Justice charged Plaintiff Hakim in a federal court criminal indictment. *U.S.A. v. Zainab Aliasgar Hakim et al*., Case No. 5:26-cr-20306. Ms. Hakim faces serious charges that require her full attention and capacity to vigorously defend herself. Due to these unforeseen changed circumstances, Ms. Hakim respectfully seeks to voluntarily dismiss her claims in this matter without prejudice.

Ms. Hakim had no notice or knowledge of the criminal allegations against her at the time that she filed the present lawsuit on May 1, 2025, nor when the discovery period commenced on June 1, 2026. Since the criminal indictment against Ms. Hakim was unsealed on June 10, 2026, Ms. Hakim has been involved with defending herself against the allegations in the criminal case, while attempting to meet responsibilities throughout the discovery period in this present matter.

This case is still in the first months of the discovery period. At present, only a first round of written discovery has been exchanged between the Parties. The Parties

have not filed any discovery motions, written discovery is proceeding in an appropriate manner, and depositions have not yet been noticed.

However, continued participation in discovery, especially providing answers to further written interrogatories and participating in a deposition testimony, presents serious potential conflicts for Ms. Hakim given her ongoing criminal defense needs. Further, continuing this action under the current changed circumstances may pose additional risks to Ms. Hakim as Defendants in this case have already indicated an interest to seek discovery relevant to Ms. Hakim's criminal proceeding, despite the fact that such discovery is not relevant to any of her claims in this action.

Such efforts by the Defendants raise serious concerns for Ms. Hakim's ability to defend herself against the federal criminal charges she is facing. Discussing the matters in her criminal case in the context of sworn testimony in civil discovery – including in a deposition or in providing affidavits or in even answering written discovery – would raise substantial Fifth and Sixth Amendment issues, as well as risks of bias and/or prejudice, which could put her at a disadvantage in both of her concurrent legal proceedings.

In addition to these serious concerns, ongoing litigation of Ms. Hakim's civil rights claims is not in the interests of judicial efficiency at this time. Proceeding simultaneously with both Ms. Hakim's civil rights and federal criminal case would create an undue and greater risk of litigious discovery. Were Ms. Hakim's civil rights

case to proceed, Plaintiff can reasonably anticipate the need for several motions to quash discovery requests, requests requiring interpretation of the Fifth Amendment privilege, and a host of other issues that could arise given the overlap and complexity of the two simultaneous cases, all of which would require the wisdom and time of this Honorable Court. The adjudication of such matters would require significant time and resources of both the Honorable Court and Defendants' counsel that can be erased by granting Plaintiff Hakim's request for voluntarily dismissal or a stay.

Therefore, continuing to prosecute this matter is not in the best interests of Plaintiff Hakim or of this Honorable Court. The burden, time, and capacity required to vigorously defend against the charges and prove her innocence in the separate criminal matter require Ms. Hakim to seek to voluntarily dismiss her claims in the above captioned matter. Accordingly, where Ms. Hakim would not be able to fully and meaningfully participate in this civil rights matter given her changed circumstances and without significant risk to defending against federal criminal charges, the most appropriate action of the Court herein is granting dismissal without prejudice.

## IV. DISCUSSION

### a. The Motion to Dismiss Plaintiff Hakim's Claims Without Prejudice Should be Granted

The Federal Rules of Civil Procedure establish that an action may be voluntarily dismissed without prejudice by an order of the court. Fed. R. Civ. P.

41(a)(2). Defendants have not agreed to stipulate to dismissal of Plaintiff Zainab Hakim's claims without prejudice. It is appropriately within the discretion of this Honorable Court to dismiss Plaintiff Zainab Hakim's claims without prejudice. *Booth Family Tr. v. Jeffries*, 640 F.3d 134, 141 (6th Cir. 2011).

### b. <u>There is No Prejudice to Defendants If Plaintiff Zainab Hakim's Claim Are Dismissed Without Prejudice</u>

Voluntary dismissal without prejudice is properly granted when there is no prejudice to the Defendants. A district court will only abuse its discretion to grant voluntary dismissal under Rule 41(a)(2) if "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a lawsuit." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Critically, the question before the court is whether Defendants would suffer "plain legal prejudice" due to dismissal without prejudice, "as opposed to facing the mere prospect of a second lawsuit". *Id* at 718. (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).

To determine whether Defendants would suffer plain legal prejudice, courts consider such factors as the excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed or trial is imminent. *Grover*, 33 F.3d at 718 (citing K*ovalie v. DEC Int'l, Inc*., 855 F.2d 471, 474 (7th Cir. 1988)). The Sixth Circuit clarifies that "[t]hese factors are only a guide,

however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Alarie v. Alarie*, No. 5:25-cv-10008, 2026 U.S. Dist. LEXIS 51634, at *5 (E.D. Mich. Feb. 23, 2026) (citing *Malibu Media, LLC v. [Redacted]*, 705 F. App'x. 402, 407 (6th Cir. 2017)).

Further, the Sixth Circuit has held that a Court cannot require a Rule 41(a)(2) dismissal to be with prejudice, unless the following has been established:

> First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. Second, the plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. This third requirement is essential because, unlike a dismissal without prejudice, a **dismissal with prejudice operates is a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation**.

*Mich. Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010) (citing *United States v. One Tract of Real Property*, 95 F.3d 422, 425-26 (6th Cir. 1996) (emphasis added). Therefore, the precedent of the Sixth Circuit supports the dismissal of Plaintiff Hakim's claims without prejudice for the following reasons.

### i. <u>Plaintiff Hakim Has Been Diligent in Her Pursuit of Her Claims</u>

First, Plaintiff Zainab Hakim has diligently brought forward this lawsuit and prosecuted her claims throughout the pendency of this matter. Ms. Hakim was terminated from her full-time employment and blacklisted by the University of

Michigan on April 11, 2025 because she attended an on-campus protest in support of Palestinian human rights on May 3, 2024. ECF No. 23, PageID.415-416. On May 1, 2025, Ms. Hakim, alongside co-Plaintiffs, filed the present suit in the Eastern District of Michigan. ECF No. 1. Accordingly, Plaintiff Hakim moved swiftly after the alleged incident to bring forward the present suit, which is clear evidence of her diligence in pursuing her complaint.

Further, during the pendency of this matter, Ms. Hakim has fully prosecuted her claims, including successfully defending the majority of her claims against Defendants' Motion to Dismiss and participating in fact discovery. ECF No. 37.

Plaintiff Hakim learned of her changed circumstances just a few months ago. In that time, she has retained criminal legal counsel and spent significant time responding to the requirements of and building her criminal defense, including pre-arraignment detention, bond hearings, and numerous other requirements to build her criminal defense.

Ms. Hakim, in collaboration with two separate legal teams for both her civil rights and her criminal case, has moved as swiftly as possible to assess her ability to continue participation in this lawsuit, and she has sought to voluntarily dismiss her claims as soon as was practicable to avoid prejudice to Defendants.

**ii. As Discovery Has Just Begun, Defendants Have Not Expended Significant Expense or Effort Preparing for Trial**

Discovery has only just substantively begun, so there is no prejudice to Defendants' expense or effort preparing for trial. Defendants have to date produced no documents as a part of their Initial Disclosures. Both Parties have exchanged and responded to first rounds of written discovery, depositions have not yet been noticed[1], and there are no pending dispositive or discovery motions before the Court. Fact discovery in this matter continues until May 3, 2027 and expert discovery continues until July 31, 2027. ECF No. 44.

There are more than seven months left in the discovery period and the trial date for this matter is March 7, 2028. ECF No. 44, PageID.1173. Defendants have not yet extended significant expense or effort to prepare for trial as discovery and investigation are continuing for both Parties. Defendants have not incurred costs for depositions or expert discovery. Defendants still have over a year and a half to prepare for trial in this matter. Taken together, dismissal of Plaintiff Hakim's claims will not unfairly prejudice, disadvantage or disfavor Defendants.

### iii. **The Statute of Limitations Has Not Expired On Plaintiff's Claims in this Case**

Ms. Hakim's claims are brought under 42 U.S.C § 1983, and are subject to a three-year statute of limitations. To determine the appropriate statute of limitations in a § 1983 civil rights lawsuit, courts look to the applicable state statute of

[1] Plaintiffs and Defendants counsel have engaged in good faith discussions to begin the process of scheduling deposition dates.

limitations which would apply to personal injury claim in the case. Pursuant to MCL 600.5805(2), there is a three-year statute of limitations injury claims brought under § 1983. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *Holland v. St. John Hosp.*, No. 22-10668, 2024 U.S. Dist. LEXIS 177465, at *6 (E.D. Mich. Sep. 30, 2024). See generally, *Wilson v. Garcia*, 471 U.S. 261, 105 (1985).

The alleged constitutional rights violation took place in April 2025. ECF No, 23. Therefore, Ms. Hakim has until April 2028 to bring forward these claims. Plaintiff Hakim does not wish to abandon the claims of her civil suit and wishes to preserve the ability to bring those claims later, provided that her circumstances change and allow her to do so. Accordingly, as the statute of limitations has not expired, Ms. Hakim should be afforded the opportunity to dismiss her claims voluntarily and without prejudice.

**c. Dismissal Without Prejudice is in the Interest of Fairness and Justice**

Plaintiff Hakim has raised serious and meritorious claims that the University of Michigan violated her rights under the First Amendment of the United States Constitution. ECF No. 23. Dismissal with prejudice would violate the most basic notions of fairness and justice.

Ms. Hakim should not be deprived of her ability to bring forward litigation defending her civil and constitutional rights simply because she needs to defend herself against federal criminal charges. So doing would essentially require Ms.

Hakim to choose between her liberty and her constitutional rights. Should Ms. Hakim be successful in defending against her criminal charges, she deserves to have the opportunity to advocate for her civil and constitutional rights.

Taken together, Plaintiff Hakim has a reasonable and justifiable basis to seek the voluntary dismissal of her claims, and granting her motion is well within the reasonable discretion of this Court. *See Bridgeport Music, Inc. v. Universal-MCA Music Pubrg, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (finding no abuse of discretion when district court accepted plaintiffs' cost-benefit analysis as a reasonable explanation for seeking dismissal); *see also Malibu Media, LLC*, 705 F. App'x at 408 (finding no abuse of discretion when district court accepted Malibu Media's "scant" explanation that its discovery of [Redacted]'s limited resources did not justify continuing litigation).

## V. CONCLUSION

WHEREFORE, Plaintiffs pray that this Honorable Court enter an order dismissing Plaintiff Zainab Hakim's claims without prejudice, or in the alternative, staying the proceedings as to Ms. Hakim's claims.

Respectfully submitted,

*/s/ Liz Jacob*

Dated: October 12, 2026

Liz Jacob (P86981)
John C. Philo (P52721)
Anthony D. Paris (P71525)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
313-993-4505
Fax: 313-887-8470
ljacob@sugarlaw.org
jphilo@sugarlaw.org
tparis@sugarlaw.org

Malak Afaneh
AMERICAN-ARAB ANTIDISCRIMINATION COMMITTEE
910 17th St. NW, Suite 1000
Washington, DC 20006
(202) 465-4247
mafaneh@adc.org

Ezra Ritchin (NY 6085054)
RITCHIN LAW, PLLC
367 St. Marks Ave, #1132
Brooklyn, NY 11238
917-725-0116
ezra@ritchinlaw.com

Herbert A. Sanders (P43031)
THE SANDERS LAW FIRM, PC
4031 Santa Clara St
Detroit, MI 48221
313-962-0099
313-962-0044 (fax)
haslawpc@gmail.com

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, I electronically filed the foregoing *Plaintiff Zainab Hakim's Motion to Voluntarily Dismiss Plaintiff Zainab Hakim, Or In The Alternative, To Stay Proceedings As To Zainab Hakim* with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Liz Jacob*

Liz Jacob (P86981)
SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave.,
2nd Floor
Detroit, MI 48201
313-993-4505
Fax: 313-887-8470
ljacob@sugarlaw.org