UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAINAB HAKIM, et al.,

Plaintiffs,

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN, et al.,

Defendants.
______________________________/

Case No. 2:25-cv-11265

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF [50]**

After Plaintiff Zainab Hakim was indicted in a criminal case with potentially overlapping facts, she moved to dismiss her claims in the instant civil suit without prejudice pursuant to Federal Rule of Civil Procedure 41. ECF No. 50, PageID.1244–1245. In the alternative, she asked the Court to stay consideration of her claims while the criminal case is pending. *Id.* at PageID.1245. Defendants opposed the motion and argued that such a dismissal would prejudice them since the litigation is in an advanced stage and the costs incurred have been significant. ECF No. 51. For the following reasons, the Court will grant the motion and dismiss Hakim's claims without prejudice.

Federal Rule of Civil Procedure 41(a)(2) permits a court to dismiss a plaintiff from an action without prejudice "on terms that the court considers proper." The purpose of the rule is to protect the non-movant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009)

(citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). The Court looks to whether a defendant would suffer "plain legal prejudice" as opposed to "facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (citation omitted).

To determine whether a defendant will suffer plain legal prejudice, courts consider multiple factors including:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* at 718 (citation omitted). Whether to grant a Rule 41(a)(2) motion is within the "sound discretion of the district court." *Id.*

Considering the factors set forth by the Sixth Circuit in *Grover*, the Court cannot conclude that Defendants here will suffer plain legal prejudice if the Court dismisses Plaintiff Hakim without prejudice from the instant action.

*First*, the Court agrees with Defendants that they have expended significant expense in defending the suit brought by Hakim and others in May 2025. But dismissal without prejudice will not cause plain legal prejudice because the case is still relatively early in discovery, and Hakim is one of many Plaintiffs who all remain in the case. Defendants briefed a motion to dismiss the original complaint, ECF No. 21, a subsequent motion to dismiss an amended complaint, ECF No. 31, participated in argument on the motion, and have continued through a few months in discovery, ECF No. 44. Trial is not set for another year and a half. *Id.* Defendants

argued that permitting dismissal without prejudice as to Hakim would "not preserve the resources already expended" because they would be required to "duplicate" their document review and discovery efforts in a future proceeding. ECF No. 51, PageID.1276. While the Court understands Defendants' position, it does not agree that all of Defendants' efforts will need to be duplicated. Inevitably, there will be overlap in a subsequent suit. What is more, further expense is likely the case in any dismissal without prejudice contemplated by Rule 41(a)(2). But the rule does not forbid dismissal if Defendants will be saddled with additional expenses. Last, while Defendants mentioned that they will need to go through "Hakim-specific information" in a subsequent suit, they did not demonstrate that they would have expended far less effort here without Hakim in the suit. *Id.* at PageID.1275. In other words, the instant suit involves numerous Plaintiffs with overlapping claims, and Defendants did not demonstrate that Plaintiff Hakim drastically increased their expenses. To the contrary, the Court surmises that their expenses would be largely the same with or without Hakim.

*Second*, the Court does not find that Hakim lacked diligence in prosecuting the action. Defendants argued that Hakim was not diligent in the discovery process because she set forth inadequate discovery responses forcing Defendants to send deficiency letters, and because Hakim did not respond to their request to schedule a deposition for three months. ECF No. 51, PageID.1276–1278. While the conduct is of concern, the Court cannot say that not having a deposition date on the books early in discovery and routine discovery deficiency letters evince a total lack of diligence in

prosecuting the action. By all accounts, counsel for Plaintiffs and Defendants have been working cooperatively together, and the Court expects that to continue.

*Third*, the potential overlap with the instant suit and subsequent criminal indictment is a sufficient reason to seek dismissal without prejudice. The parties disagreed about the extent of the overlap between the two cases. The Court will not opine on the relatedness of the facts or allegations. But the Court agrees that, given the timeline and subject matter of both cases, there is a potential for numerous discovery disputes given Hakim's constitutional rights as a criminal defendant. The Court believes the prudent and more efficient course is for the case to move forward with the other Plaintiffs who would not present such problems.

*Fourth*, a summary judgment motion has not been filed, and the dispositive motions deadline is not until September 30, 2027.

*Last*, Defendants argued that any dismissal without prejudice should be conditioned on payment of the costs and fees incurred by Defendants. ECF No. 51, PageID.1279–1281. Defendants argued that Hakim's lack of diligence in bringing the instant motion and the significant expense favor the Court awarding fees or expenses. But Defendants' request fails for a more basic reason that the Court noted above: Defendants did not demonstrate that Hakim's claims alone caused substantial expenses outside of the other Plaintiffs in this case. The Court will not award costs because, from its review, it believes that the parties would be largely in the same position with or without Hakim in the case.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff Hakim's motion to dismiss [50] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Hakim's claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 16, 2026